

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-5009-JMH

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

KOFI OBENG,

       Defendant.
_____/

### PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. §3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS that the Defendant, KOFI OBENG, be detained pursuant to the provisions of Section (f). The Court specifically finds that no conditions or combinations of conditions will reasonably assure the appearance of the Defendant as required. The Court makes the following findings of fact with respect to the order of detention:

**A.) The Instant Case Involves a Serious Risk that the Defendant will Flee pursuant to § 3142(f)(2)(A)**

Pursuant to the Government's request for pretrial detention, a hearing was held on January 16, 2004. The Defendant is charged in a two (2) count indictment. Count 1 alleges that on or about May 20, 2003, in Kent County, in the

Southern Division of the Western District of Michigan, the Defendant willfully and knowingly made a material false statement in a passport application with the intent to secure the issuance of a passport under the authority of the United States for his own use. Specifically, the Defendant is alleged to have submitted a passport application containing false statements as to his own place of birth, his father's place of birth, his father's citizenship, his mother's place of birth and his mother's citizenship, and to have falsely presented a State of Michigan birth certificate containing false statements as to his and his parents' places of birth. Count 2 of the indictment alleges that on or about May 20, 2003, in Kent County, in the Southern Division of the Western District of Michigan, the Defendant falsely claimed that his parents had been issued Social Security numbers as part of his scheme to obtain a United States passport, that he completed his false passport application in Wyoming Michigan, and that the passport application was mailed to the Chicago, Illinois Passport Agency. In its proffer, the Government contended that it was seeking detention based on risk of flight.

**B.) The Weight of the Evidence against the Defendant and the Nature and Circumstances of the Offenses Charged pursuant to § 3142(g)(1), (2)**

At the hearing, the Defendant proffered that he is not a risk of flight because he has resided at his current address in Delray Beach since 2003. The Defendant

also proffered that he began college in Michigan, tried to transfer to Broward Community College with the assistance of his international coordinator, and is currently attending Palm Beach Community College. Finally, the Defendant contends that he is in the United States legally on a student visa, that there is no immigration hold over him, and that he should be released because he has no prior criminal history.

However, the Court finds that the weight of the evidence against the Defendant is substantial. According to Special Agent Hislop III, a Special Agent for the Diplomatic Security Service, his investigation into the instant charges revealed that the Defendant was admitted to the United States on a student visa to attend Grand Valley University in Michigan until May, 2006. The rules regarding the issuance of such student visas require the Defendant to notify the Immigration and Naturalization Service ("INS") if he traveled outside the State of Michigan. However, the Defendant failed to so notify INS when he left Michigan to come to Florida. As part of his investigation, the Special Agent also reviewed the Defendant's passport application and supporting documentation. In his passport application, the Defendant stated that he was a United States Citizen born in 1980 in Detroit, Michigan, and attached a birth certificate in support of such statement. However, after contacting the appropriate authorities in Michigan, the Special Agent determined there is no record of the Defendant's birth as stated in the birth

3

certificate. Moreover, the Special Agent also determined that the alleged birth certificate falsely states that the Defendant's father was born in Michigan, that his mother was born in Ohio, and that his parents had been issued specific Social Security numbers. Finally, the Special Agent has determined that INS has placed an immigration hold over the Defendant.

### C.) The History and Characteristics of the Defendant pursuant to § 3142(g)(3)

The Defendant was born on June 27, 1980, in the country of Ghana. He is a citizen of Ghana, owns a Ghanaian passport, and last traveled outside the United States in the summer of 2002 to London, England for vacation. The Defendant was admitted to the United States on July 28, 2002, on a student (F1) visa. The Defendant has only been in Palm Beach County, at his current Delray Beach address, for the last nine months. Prior to that, the Defendant resided at 2055 Eastern Avenue in Grand Rapids, Michigan for one year, and at 159 Campbell Place, Grand Rapids, Michigan for one year before that. The Defendant is single, with no children. The Defendant's parents, one sister and two brothers all live in Ghana. The Defendant's other sister lives in London, England. The Defendant is reportedly attending Palm Beach Community College, where is he working on his Associate's Degree, and has no prior military service.

As for employment, the Defendant is an owner/partner of Moghan

4

International, Inc., an auto transport company in Delray Beach, Florida, and has been employed as such for one (1) year. His income is reported at approximately $200 per month after paying all expenses. For the fourteen months prior to that, he was employed with Bethesda Lutheran Homes, Inc. in Caledonia, Michigan, as a support living assistant. The Defendant reportedly has no prior criminal history.

This Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required at future proceedings. Such a finding is based on the following factors: 1.) the nature of the offense; 2.) the weight of the evidence; 3.) the Defendant's foreign ties; 4.) the fact the Defendant has only resided in Palm Beach County for nine months; and, 5.) the fact that the Defendant failed to notify INS when he left the State of Michigan.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel, and that, on order of a court of the United States, or on request of an attorney for the Government, the person in

charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this $\_\_C$ day of January, 2004, at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA William T. Zloch
AFPD Lori Barrist
U.S. Marshal
U.S. Pretrial Services